# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES H. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV00618 TCM |
| | ) | |
| CITY OF ST. LOUIS, MO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Charles Lee for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the City of St. Louis, Steven Harmon (Third District Police Officer), Frederic Heagney (same), William Slovacek (same), Michael Roe (same), City of Moline Acres, Carle Carson (Lieutenant, Moline Acres Police Department), and Anthony Carson (alleged victim of plaintiff's crime). The complaint seeks monetary relief.

Plaintiff alleges that he was "illegally arrested" on June 17, 2005, by unnamed police officers. Plaintiff claims that after he was arrested, the police officers did not allow him to lock his house or truck. Plaintiff says that the police officers took his keys and executed a search of his home outside of his presence.

Plaintiff avers that after he was released from jail, a few days later, he returned to his home to find that it had been robbed. Plaintiff claims that several doors were broken off the hinges and windows broken out.[1] Plaintiff says that the police burglarized his home after they executed the search.

Plaintiff states in his complaint that he is charging all of the officers whose names appeared on his arrest report with conspiracy and filing a false police report.

**Discussion**

Plaintiff filed a similar complaint regarding the same incident on April 24, 2008. The Court dismissed that case as frivolous under 28 U.S.C. § 1915(e). Lee v. St. Louis City Police Dept., 4:08CV573 TCM (E.D. Mo.). To the extend that plaintiff is attempting to litigate the same issues brought in the previous case, this action must be dismissed as duplicative. Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615,

---

[1]Plaintiff claims, in the same paragraph, that "there was no sign of forced entry." This, however, is not plausible in light of his claim that several doors and windows were broken.

619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to both the individual and municipal defendants.

The complaint is frivolous as to defendant Anthony Carson because he is not alleged to be a state actor.

There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. E.g., Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for recovery of personal property. Id.; Mo. R. Civ. P. 99.01-99.15. As a result, the complaint does not state a claim for unconstitutional taking of personal property.

Plaintiff's allegations regarding a conspiracy between each of the defendants to violate his constitutional rights are not supported by sufficient factual allegations as to be "plausible." As a result, these allegations fail to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, — S. Ct. —, 2009 WL 1361536 *12-13 (2009).

For each of these reasons, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 27th Day of May, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE